Approved: _/s/ Sheb Swett_
SHEB SWETT
Assistant United States Attorney

[Stamp: U.S. DISTRICT COURT FILED MAR 03 2017 S.D. OF N.Y.]

ORIGINAL
DOC #_____

17 MAG 1586

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :    **COMPLAINT**
                                  :
            - v. -                :    Violations of 18
                                  :    U.S.C. §§ 2422, 2251,
JORDAN COHEN,                     :    and 2252A
                                  :
            Defendant.            :
                                  :
- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

   AARON SPIVACK, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

**COUNT ONE**
(Coercion and Enticement of a Minor to
Engage in Illegal Sexual Activity)

   1.   From at least in or about February 2017 up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, JORDAN COHEN, the defendant willfully and knowingly, did use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, COHEN used a computer and the Internet to attempt to persuade, induce, entice, and coerce a minor to send images, videos, and live visual depictions of the minor engaging in sexual activity to COHEN over the Internet.

   (Title 18, United States Code, Sections 2422(b) and 2.)

**COUNT TWO**
(Inducement of Minor to Engage in Sexually Explicit Conduct)

2. From at least in or about February 2017, up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, JORDAN COHEN, the defendant, willfully and knowingly did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, to wit, COHEN attempted to induce a minor to participate in a live visual depiction of sexually explicit conduct that would be transmitted to COHEN over the Internet.

(Title 18, United States Code, Sections 2251(a), (e) and 2.)

## COUNT THREE
(Receipt of Child Pornography)

3. From at least in or about November 2016, up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, JORDAN COHEN, the defendant, knowingly did receive and attempt to receive material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, COHEN paid an individual for a collection of electronic files depicting child pornography.

(Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(1) and 2.)

## COUNT FOUR
(Possession of Child Pornography)

4. From at least in or about February 2017, up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, JORDAN COHEN, the defendant, knowingly did possess and access with intent to view, and

attempt to possess and access with intent to view, a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, COHEN possessed images and videos of child pornography at his residence in New York, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2) and 2.)

## COUNT FIVE
(Transportation of Child Pornography)

5. From at least in or about February 2017, up to and including at least in or about March 2017, in the Southern District of New York and elsewhere, JORDAN COHEN, the defendant, knowingly did mail and transport and ship using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, child pornography, to wit, COHEN distributed by computer videos and images containing child pornography from his residence in New York, New York.

(Title 18, United States Code, Section 2252A(a)(1).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

6. I am a Special Agent with the FBI and have been so employed for approximately eight years. I am assigned to an FBI squad charged with enforcing federal laws prohibiting child pornography and other forms of child exploitation. As such, I have worked on numerous investigations and prosecutions involving minor victims and the adults who victimize these children. This affidavit is based upon my personal participation in the investigation of this matter, as well as on my conversations with other law enforcement officers and my examination of documents, reports, and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts I have learned during the investigation. Where the contents of documents or the actions, statements, or conversations of others

3

are reported herein, they are reported in substance and in part, except where otherwise indicated.

      7. Based on my review of documents and my conversations with law enforcement officers and other individuals, I have learned, among other things, the following:

      a. In the course of this investigation, a law enforcement officer working in an undercover capacity ("UC-1") and posing as "Individual-1," a father with an interest in sexually abusing his nine-year-old child ("Minor-1"), began communicating with JORDAN COHEN, the defendant, regarding the exchange of child pornography and the possibility of COHEN and UC-1 together engaging in sexual activity with Minor-1.

      b. In or about February 2017, COHEN and UC-1 began discussing the possibility of meeting over Skype, during which meeting UC-1 would engage in sexual activity with Minor-1, and COHEN would share with UC-1 his collection of child pornography. COHEN repeatedly said that this Skype meeting would assure him that UC-1 was not a law enforcement officer, and that COHEN would be interested in personally engaging in sexual activity with Minor-1 after the Skype meeting.

      c. COHEN and UC-1 agreed to meet over Skype on or about March 2, 2017. Prior to the meeting, COHEN continued to express his desire to watch UC-1 engage in sexual activity with Minor-1. UC-1 told COHEN, among other things, "You just can't be too loud. Don't want to freak [Minor-1] too much[.]" COHEN told UC-1 that he wanted to "hang a lot" with UC-1 and Minor-1, and that Cohen knew "faithful buds" whom he could recruit to join UC-1 and COHEN in molesting Minor-1.

      d. On or about February 23, 2017, the Honorable Debra Freeman signed a search warrant authorizing law enforcement agents to search COHEN's home and seize computers, other electronic devices, and evidence related to COHEN's possession and distribution of child pornography.

      e. On or about March 2, 2017, UC-1 and COHEN video-chatted each other through Skype. UC-1 told COHEN that he was about to bring Minor-1 into the room to participate in the Skype video chat. At that point, agents from the FBI executed the search warrant at COHEN's home, and the Skype call ended.

      f. During the course of the search, agents from the FBI seized the following electronic files from devices found at COHEN's premises:

4

    i. "!!!!!!daddy_tries_to_fuck_4_year_old_son [1].jpeg" – an image file of an approximately four-year-old child being anally penetrated by an adult male penis.

    ii. "001m-003nu.jpeg" – an image file of an approximately one-year-old child being anally penetrated by an adult male penis.

    iii. "[boy+man]Man Fuck Pedrinho 8yo Ana (Brazil) - opva 2014 new pthc center kdv bibcam gay.mp4" – a video file of an approximately eight-year-old boy being anally penetrated by an adult male penis.

  g. During the course of the search, COHEN was advised of his Miranda rights and waived those rights. COHEN then agreed to speak with law enforcement agents. During the interview, COHEN stated, in sum and substance, that he believed he would see UC-1 sexually exploit Minor-1 on the Skype video chat. He also stated that he had engaged in sexual activity with at least one minor in his New York, New York apartment, and that he had engaged in Skype video chats with minors during which COHEN watched live video transmission of the minors masturbating. He also stated that he had paid an individual approximately $50 for a collection of child pornography. COHEN was subsequently placed under arrest.

  8. Based on information obtained pursuant to a search warrant signed by the Honorable Katharine H. Parker on or about January 31, 2017, United States Magistrate Judge in the Southern District of New York, authorizing a search of an email account used by JORDAN COHEN, the defendant ("Email Account-1"), I have learned the following:

  a. Between on or about August 31, 2016 and on or about September 16, 2016, COHEN and an individual ("Individual-2") discussed trading their child pornography collections. Individual-2 stated "[h]ave real experiences and tons of material," to which COHEN replied, "Love yng all ages have some good porn." Individual-2 then said, "Cool 10-12 is my favorite range but I'll go as young as 6 and I like teens too. Have around 300gb of porn." COHEN responded, "Nice man. I've got a good amount of porn too. We should watch together and trade. I like 7/8-12/13 but all ages are cool with me." The following are excerpts from an additional exchange between COHEN and Individual-2:

5

| | |
|---|---|
| COHEN: | u there man? Would love to get together tomorrow |
| Individual-2: | I'm around yeah. Could be hot to perv and stroke together. I probably wouldn't want to do any more than that. |
| COHEN: | Ok sounds cool man. Host or travel? Can we also do a porn swap? |
| Individual-2: | Would rather host uptown. . . . Porn swap is fine, although I doubt you'll have much that's new to me. |

\*\*\*

| | |
|---|---|
| COHEN: | Yes, let's. I love seeing new stuff and I bet I have some stuff that you don't have. |
| Individual-2: | What makes you think you have stuff I haven't seen? Where do you get it? Do you make your own? I've been using tor[1] exclusively the last few years. |
| COHEN: | Is using Tor safe? How do you make sure you aren't being tracked? Obviously I don't know for sure, but I would hope I have something you've never seen. No I don't make my own. Do you? |
| Individual-2: | I think it's pretty safe. Nothing is foolproof but you only hear about people getting busted when they create material or do something really stupid. Where do you get yours if not tor? I've done some screen grabs of young teens who canned with me but that's it. |
| COHEN: | I met a guy who sold me a ton of shit for $40. |
| Individual-2: | Interesting haha. I wonder if there will be anything new to me. That's a lot of risk for not very much money. |
| COHEN: | Risk on his part you mean? |
| Individual-2: | Yup. Do you have much high quality stuff? Vids of American boys with sound (other than cams)? Those are the best imo. |

---

[1] "Tor" is a software that allows individuals to access the internet anonymously.

6

> COHEN: most of it is not great quality, tbh...but there are some gems. I guess it's likely you've already seen my best stuff. You can peruse it.

b. On or about September 15, 2016, an individual ("Individual-3") sent COHEN an email in response to a Craigslist advertisement, stating, "Hey man. Good looking 27yo perv here. Into taboo stuff especially. . . . More pics for trade." COHEN responded, "what ages do you like the most?" Individual-3 said, "Open to age/sex, but younger the better. You?" COHEN said, "favorite is eight-thirteen, but open to all." COHEN then said that he had "a big collection on a drive. where do you find yours? torr?" Individual-3 then responded, "I don't go on torrents much but I know a guy who does. Saved a few good pics/vids hidden on a drive." COHEN responded, in part, "I have tons of files."

c. After further communications, Individual-3 stated, "If 8-13 is your sweet spot, I've got ambien and xanax which would probably make them confused and cooperative. Maybe even forgetful haha. At that age it's kinda rape anyway." COHEN asked Indiviudal-3 where he lived and if he was free to meet up, to which Individual-1 responded, "I live in the city. Don't know why I'm so afraid to say the neighborhood. But I'm sure we're close enough man. Free weekends, evenings, some afternoons. You?" COHEN replied, "don't be scared, I'm 100 percent for real." After further communications, Individual-3 ended the conversation by stating, "Not about to go to prison over some porn."

d. On or about August 25, 2016, an individual ("Individual-4") sent COHEN an email in response to a Craigslist advertisement, stating, in part, "love to perv out with a bud." COHEN asked, "what ages you like?" Individual-4 responded, "Very open. Prefer teens. You?" COHEN said, "I'm into pretty much all ages." He then asked Individual-4 if Inidividual-4 had any "taboo porn." When Individual-4 said no, COHEN said, "I have a ton lol."

e. On or about October 25, 2016, an individual ("Individual-5") sent an email to COHEN in response to a Craigslist advertisement, stating, "Hey your post is hot. I'm into yng, MB, incest." Based on my familiarity with terms commonly used to describe child pornography, I know that "MB" refers to pornography depicting an adult male engaging in sexually explicit conduct with a minor boy. COHEN asked, "What ages you like the most?" Individual-5 replied, "0-14 what about

7

you?" COHEN responded, "8-14 but open. Free today?" Individual-5 replied, "More looking to trade and chat. Here's a bit of what I have." Individual-5 included a URL in the email. I have visited the website associated with the URL, and it contains a collection of child pornography. COHEN responded, "hot man, i have some good stuff but not looking to put it online or send over email."

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of JORDAN COHEN, the defendant, and that he be arrested and imprisoned, or bailed, as the case may be.

AARON SPIVACK
Special Agent
Federal Bureau of Investigation

Sworn to before me this
3 day of March, 2017

THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK